IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 00-130-KD-D |
| ) | |
| BRENDA GAIL JACKSON, ) | |
|    Defendant. ) | |

**ORDER**

This matter is before the court on Defendant Brenda Gail Jackson's motion for reconsideration (Doc. 80) of her motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 73).

As the Court explained in its November 18, 2011 order directing Defendant to show cause as to why her motion for reduction of sentence should not be denied, federal district courts have limited authority to reduce a defendant's sentence pursuant to § 3582(c)(2). The Eleventh Circuit discussed the confines of these limits last year:

> The authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).

United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Only § 3582(c)(2) is of possible relevance here, but, as demonstrated by the analysis below, it does not apply.

At Defendant's August 13, 2001 sentencing hearing, the Honorable W. B. Hand, Senior United States District Judge, found that Defendant was responsible for possessing one kilogram of

1

crack cocaine. (Doc. 55 at 13, ¶ 28). Based on this drug quantity, Judge Hand found that, under the version of the Sentencing Guidelines applicable at the time, Defendant's offense level was 36, which, as a consequence of Defendant's criminal history, corresponded to a guideline range of 235 to 293 months imprisonment. (Id.). Approximately six years later, a retroactive amendment to the Sentencing Guidelines had the effect of reducing Defendant's offense level to 34. (Doc. 69). Judge Hand subsequently modified Defendant's sentence pursuant to § 3582(c)(2). (Id.). Though the Sentencing Commission has now promulgated another retroactive amendment that affects sentencing ranges for offenses involving certain quantities of crack cocaine, the offense level associated with the possession of one kilogram of crack cocaine remains unchanged. Compare U.S. Sentencing Manual § 2D1.1(c)(3) (2007) (prescribing base offense level of 34 for offenses involving at least 500 grams but less than 1.5 kilograms of crack cocaine) with U.S. Sentencing Manual § 2D1.1(c)(3) (2011) (prescribing base offense level of 34 for offenses involving at least 840 grams but less than 2.8 kilograms of crack cocaine). This Court is therefore without jurisdiction to modify Defendant's sentence pursuant to § 3582(c)(2). See U.S. Sentencing Manual § 1B1.10(a)(2)(B) (2011) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

For the foregoing reasons, Defendant's motion for reconsideration is **DENIED**.[1]

---

[1] In her motion papers, Defendant also challenges the constitutionality of the sentence that Judge Hand initially imposed ten years ago. Defendant did not raise this claim in the § 3582(c)(2) motion that she desires the Court to now reconsider, and, even if she had, such a motion would not have been an appropriate vehicle for a collateral attack on her sentence. In a § 3582(c) proceeding, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). A defendant is not entitled to a full resentencing during a

**DONE** and **ORDERED** this the **19th** day of **December 2011**.

          /s/ Kristi K. DuBose
          **KRISTI K. DuBOSE**
          **UNITED STATES DISTRICT JUDGE**

---

§ 3582(c) proceeding. United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) ("[Section] 3582(c)(2) and related sentencing guidelines do not contemplate a full de novo resentencing."). Accordingly, the Court cannot and does not consider Defendant's arguments regarding the constitutionality of her original sentence.